Stephen P. Berzon (SBN 46540)
Jonathan Weissglass (SBN 185008)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
Email: jweissglass@altshulerberzon.com

Daniel B. Smith, (*Pro Hac Vice* Application Forthcoming)
O'DONNELL, SCHWARTZ & ANDERSON, P.C.
1300 L Street NW, Suite 1200
Washington, DC 20005-4126
Telephone: (202) 898-1707
Facsimile: (202) 682-9276
Email: dsmith@odsalaw.com

Attorneys for Defendant
Bernard "Skip" Whalen Area Local #71

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| KENNETH G. FLOYD,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD "SKIP" WHALEN AREA LOCAL, AMERICAN POSTAL WORKER UNION LOCAL #71,<br><br>Defendant. | CASE NO.:<br>CV 07 5993   HRL<br><br>NOTICE OF REMOVAL OF THE BERNARD "SKIP" WHALEN AREA LOCAL, AMERICAN POSTAL WORKERS UNION LOCAL #71 |

The Bernard "Skip" Whalen Area Local, American Postal Workers Union Local #71 (Local Union) files this Notice of Removal of Civil Action No. 107CV094120 filed in the Superior Court, County of Santa Clara, California, and in support thereof states the grounds for removal as follows:

1. A summons was received by an officer of the Local Union on or about October 28, 2007.

2. The Plaintiff was a former president and member of the Local Union. In his two causes of action, the Plaintiff alleges that the Local Union owes him $27,704.04 for expenses he incurred

1

1 while he was president of the Local Union. The Plaintiff also alleges that the Local Union owes him
2 $6,544.44 for unused sick leave he accumulated while president of the Local Union.

3.  The Local Union and the American Postal Workers Union, AFL-CIO (APWU) are labor organizations within the meaning of the Labor Management Relations Act (LMRA), 29 U.S.C. § 152(5) (2007). The Local Union is chartered by the APWU. The APWU and its chartered local unions represent employees of the United States Postal Service and the private sector mail industry.

4.  The conduct of the Local Union is governed by the constitution and by-laws of the APWU (APWU Constitution), and the constitution and by-laws of the Local Union (Local Constitution) which must be consistent with the APWU Constitution. The expenditure of Local Union funds and the compensation of Local Union officers is generally determined by the Local Constitution. To the extent that the Local's Constitution is silent on an issue or contradicts the APWU Constitution, the APWU Constitution applies.

5.  Article 15 of the APWU Constitution states:

> The following shall constitute offenses, the commission of which shall subject any officer or member of the American Postal Workers Union, or of any subordinate body of APWU, or a subordinate body itself, to disciplinary action as set forth herein:
>
> SEC. 1. (a) Violating any provision of the Constitution or Bylaws of the APWU or of a subordinate body, or failure to perform duties or functions specified or required therein.

6.  In claiming that the Local Union failed to reimburse him for Local Union expenses that he incurred while president of the Local Union, and in claiming that the Local Union denied him compensation for unused accumulated sick leave while president of the Local Union, the Plaintiff is making a federal question claim because he is claiming that the Local Union breached both the Local Constitution and the APWU Constitution.

7.  A cause of action by a union member to enforce a union constitution is considered to be a suit to enforce a contract between labor organizations which is governed exclusively by federal law. See Wooddell v. Intl. Bhd. of Elec. Workers, 502 U.S. 93, 98-99 (1991).

8.  This Court has jurisdiction over the claims that the Plaintiff asserts against the Local Union under Section 301(a) of the LMRA, 29 U.S.C. § 185, and under Section 1208(b) of the Postal

Reorganization Act (PRA), 39 U.S.C. § 1208(b).[1] Federal district courts have jurisdiction over any cause of action that concerns a violation of a contract between unions, including a union constitution. Section 301(a) of the LMRA states:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined by this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

Section 1208(b) of the PRA states:

> Suits for violation of contracts between the Postal Service and a labor organization representing Postal Service employees, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy.

9. Accordingly, this Court has original jurisdiction over Plaintiff's causes of action against the Local Union and removal of the actions to this Court is proper pursuant to 28 U.S.C. § 1441(b).

10. True copies of all pleadings filed in this case are attached hereto as Exhibit A.

The Bernard "Skip" Whalen Area Local, American Postal Workers Union Local #71 hereby removes Civil Action No. 107CV094120 filed in the Superior Court, County of Santa Clara, California, to this Court.

Dated: November 27, 2007                Respectfully submitted,

                                        ALTSHULER BERZON LLP

                                        By: _____
                                            Jonathan Weissglass

---

[1] Although all public employees are expressly exempted from the Labor Management Relations Act (LMRA), 29 U.S.C. § 152 (2), courts have held that case law developed under Section 301 of the LMRA, 29 U.S.C. § 185, is equally applicable to actions brought by Postal Service employees under Section 1208(b). Johnson v. United States Postal Service, 756 F.2d 1461, 1465 (9th Cir. 1985)("Because [39 U.S.C. Section 1208] is essentially identical to Section 301 of the National Labor Relations Act, Bowen v. United States Postal Service, 459 U.S. 212 232 n.1 (1983), we may properly rely on Section 301 cases for guidance.").

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

O'DONNELL, SCHWARTZ & ANDERSON, P.C.

By: _____
Daniel B. Smith

Attorneys for Bernard "Skip" Whalen Area Local,
American Postal Workers Union Local #71

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: November 27, 2007

ALTSHULER BERZON LLP

By: _____
Jonathan Weissglass

O'DONNELL, SCHWARTZ & ANDERSON, P.C.

By: _____
Daniel B. Smith

Attorneys for Bernard "Skip" Whalen Area Local, American Postal Workers Union Local #71