David L. Samuelson (SBN 096060)
897 Independence Avenue, Suite 2D
Mountain View, CA 94043
Telephone: (650) 380-0355
Facsimile: (650) 649-2382
Email: DLSamuelson@yahoo.com

Attorney for Plaintiff Kenneth G. Floyd


Stephen P. Berzon (SBN 46540)
Jonathan Weissglass (SBN 185008)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
Email: jweissglass@altshulerberzon.com

Daniel B. Smith, (*Pro Hac Vice* Application Pending)
O'DONNELL, SCHWARTZ & ANDERSON, P.C.
1300 L Street NW, Suite 1200
Washington, DC 20005-4126
Telephone: (202) 898-1707
Facsimile: (202) 682-9276
Email: dsmith@odsalaw.com


Attorneys for Defendant
Bernard "Skip" Whalen Area Local #71

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENNETH G. FLOYD, | Case No. C07-05993 RMW |
| Plaintiff, | E-Filing |
| v. | **JOINT CASE MANAGEMENT STATEMENT** |
| BERNARD "SKIP" WHALEN AREA LOCAL, AMERICAN POSTAL WORKER UNION LOCAL #71, | Date: May 2, 2008<br>Time: 10:30 a.m.<br>Courtroom: #6, 4th Floor, SJ |
| Defendant. | Hon. Ronald M. Whyte |

The parties jointly submit this Case Management Statement Pursuant to Civil Local Rule 16-9 and this Court's standing order.

---

1

JOINT CASE MANAGEMENT CONFERENCE STATEMENT, Case No. C07-05993 HRL

## 1. JURISDICTION AND SERVICE

Plaintiff Kenneth G. Floyd filed suit against Defendant Bernard "Skip" Whalen Area Local, American Postal Workers Union Local #71 in the Superior Court, County of Santa Clara, California, in Civil Action No. 107CV094120 on September 18, 2007. The Local Union filed a Notice of Removal on November 27, 2007. This is an action under Section 301(a) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185 (2008), and Section 1208(b) of the Postal Reorganization Act (PRA), 39 U.S.C. § 1208(b), to enforce the constitution of a labor union. This Court has jurisdiction of the case under 28 U.S.C. Section 1331 because this claim arises under federal law, and under 28 U.S.C. Section 1441 because this claim has been removed to this Court.

All parties have been served, and no issues exist regarding personal jurisdiction or venue.

## 2. FACTS

**a. Kenneth G. Floyd believes that the principal facts are as follows:**

The Plaintiff Kenneth G. Floyd was the President of the Defendant Union for twenty years. The Union did not have its own credit card. A credit card in the name of the Plaintiff was used to pay for various Union expenses during most of the Plaintiff's twenty year tenure as President. The local Union held an election in late 2005. The Plaintiff lost the election and a new president was elected. The credit card balance was not paid off.

The Plaintiff believes that the principal factual issues in dispute will be:

1. Whether or not the charges made on Plaintiff's credit card were for legitimate Union expenses.

2. Whether or not the Plaintiff was a member of the National Union beyond mid 2006.

**b. Bernard "Skip" Whalen Area Local, American Postal Workers Union Local #71 believes that the principal facts are as follows:**

The Defendant Bernard "Skip" Whalen Area Local, American Postal Workers Union Local #71 is a local labor organization representing employees of the United States Postal Service. The Defendant has approximately 300 members. The Defendant is affiliated with the American Postal Workers Union (National Union). The Defendant acts pursuant to, and is governed by, the Constitution and By-Laws of the Bernard "Skip" Whalen Area Local #71 (Local Constitution) and

1  the Constitution and Bylaws of the American Postal Workers Union (National Constitution).

2  At all pertinent times, the Defendant reimbursed officers of the Defendant for legitimate and
3  reasonable expenses incurred in the course of conducting union business. Article 16, Section 2 of
4  the Local Constitution provided that an officer of the Defendant could be reimbursed for an expense
5  only if the officer submitted an expense voucher which included a receipt, and which established the
6  time, place and purpose of the expense. Article 16, Section 2 of the Local Constitution required the
7  expense voucher to be submitted within 30 days of when the expense was incurred. By-Law Six of
8  the Local Constitution provided that the President of the Defendant could not incur expenses in
9  excess of $200.00 in a single month without approval of the membership.

10  The Defendant keeps expense vouchers and documents detailing the finances of the
11  Defendant in the regular course of business. Beginning on a date unknown to the Defendant, the
12  Plaintiff began using a personal credit card held in his name. Beginning on a date unknown to the
13  Defendant, the Plaintiff routinely caused the Defendant to make payments to the Plaintiff's credit
14  card on behalf of the Plaintiff without submitting expense vouchers or otherwise complying with
15  Article 16, Section 2 of the Local Constitution. Between on or about January 1, 2000 and December
16  31, 2005, the Plaintiff caused the Defendant to pay to his personal credit card approximately
17  $118,000.00 while submitting expense vouchers for approximately $34,000.00 in expenses.

18  The Defendant kept minutes of membership meetings in the regular course of business.
19  Beginning on a date unknown to the Defendant, the Plaintiff routinely caused the Defendant to
20  make payments in excess of $200.00 per month to the Plaintiff's credit card on behalf of the
21  Plaintiff without approval of the membership of the Defendant or otherwise complying with By-
22  Law Six of the Local Constitution.

23  In 2005 the Defendant held an election of officers. The Plaintiff ran for reelection, but was
24  beaten by challenger Bob Davis. The incumbent Vice President Refugio Ramirez successfully ran
25  for reelection. The incumbent Secretary-Treasurer Darryl L. Samuelson successfully ran for
26  reelection. The newly elected and reelected officers began their terms of office on January 1, 2006.
27  Mr. Davis has served as President of the Defendant since January 1, 2006, and Mr. Samuelson has
28  continued to serve as Secretary-Treasurer of the Defendant since his prior term of office. Mr.
Refugio has since resigned from serving as Vice President.

On December 30, 2005, two days prior to the end of their terms, the Plaintiff, Mr. Ramirez and Mr. Samuelson sign a document titled "Citi Advantage VSA [sic] Credit Card Agreement" which purported to require the Defendant to payoff a balance of $24,405.25 held by Plaintiff on his personal credit card. The document did not contain any receipts, establish the time, place or specific purpose of the expenses or otherwise comply with Article 16, Section 2 of the Local Constitution. The document was given to Mr. Davis immediately prior to January 1, 2006.

The National Constitution provides for a system of internal-union charges to resolve disputes which arise under the National Constitution or the constitution of an affiliate of the National Union. The Plaintiff has been a member of the National Union at all pertinent times. The Plaintiff has failed to pursue his claim under the internal-union charge procedure of the National Constitution.

Prior to being served with a summons, and prior to having any knowledge of the Plaintiff having brought suit against the Defendant, the Defendant paid to the Plaintiff an amount of money equal to the amount he claimed the Defendant owed him for unused but accrued sick leave.

The Plaintiff has not identified any of the expense vouchers which correspond to the $27,704.04 he demanded in his complaint, nor has he identified the period of time during which he purportedly incurred legitimate and reasonable expenses totaling $27,704.04.

The Defendant believes that the principal factual issues in dispute will be:

1. Whether each expense for which the Plaintiff is seeking reimbursement was reasonable and for legitimate union business.

2. Whether each expense for which the Plaintiff caused himself to be reimbursed was reasonable and for legitimate union business.

3. Whether for each expense for which the Plaintiff is seeking reimbursement the Plaintiff submitted an expense voucher within thirty days of incurring the expense which included corresponding receipts and established the time, place or specific purpose of the expense.

4. Whether for each expense for which the Plaintiff caused himself to be reimbursed the Plaintiff submitted an expense voucher within thirty days of incurring the expense which included corresponding receipts and established the time, place or specific purpose of the expense.

5. Whether the Plaintiff received the approval of the membership to exceed $200.00 in expenses in those months for which he is seeking reimbursement for expenses in excess of $200.00.

6. Whether the Plaintiff received the approval of the membership to exceed $200.00 in expenses in those months for which he caused himself to be reimbursed for expenses in excess of $200.00.

7. Whether the Plaintiff has been a member of the National Union at all pertinent times.

3. **LEGAL ISSUES**

**a. Kenneth G. Floyd's position:**

The Plaintiff's legal theory is one of *quantum meruit*. The Defendant Union benefitted from the charges placed on the Plaintiff's credit card, the charges made were legitimate Union expenses, and therefore these expenditures requested by and for the benefit of the Defendant need to be paid for by the Defendant.

**b. Bernard "Skip" Whalen Area Local, American Postal Workers Union Local #71's position:**

The Plaintiff is entitled to reimbursement for expenses incurred on union business only to the extent allowed for by the Local Constitution. The Plaintiff failed to timely submit receipts with accompanying expense vouchers which established the time, place and purpose of his expenses as was required by Article 16, Section 2 of the Local Constitution. The Plaintiff cannot rely on the December 30, 2005 document titled "Citi Advantage VSA Credit Card Agreement" to establish that the Defendant has a debt to the Plaintiff; the document did not contain any receipts and it failed to establish the time, place and purpose of any expenses. Additionally, the Plaintiff routinely failed to have the approval of the Defendant's membership to incur expenses in excess of $200.00 in a given month as was required by By-Law Six of the Local Constitution.

The Plaintiff's legal theory that he is entitled to damages under the doctrine of *quantum meruit* fails. The Plaintiff would need to establish through specific evidence that he incurred each expense for the benefit of the Defendant. In the absence of receipts, the Plaintiff cannot establish through specific evidence that he incurred expenses for the benefit of the Defendant. Therefore the Plaintiff cannot recover under the doctrine of *quantum meruit*. Additionally, a party cannot ask a court for equitable relief when he has unclean hands. The Labor Management Reporting and Disclosure Act (LMRDA) imposes a fiduciary duty on union officers, and requires them to hold a union's money and property solely for the benefit of the union and its members, and to manage and

spend the union's money in accordance with the union's Local Constitution. 29 U.S.C. § 501 (2008). By failing to comply with the requirements of the Local Constitution between January 1, 2000 and December 31, 2005, the Plaintiff violated his fiduciary duties. The Plaintiff comes to this Court with unclean hands, and should not be allowed to recover under the doctrine of *quantum meruit*.

To the extent that the Plaintiff's claim is reliant on the Local Constitution, he was obligated to seek redress under the National Constitution's charge procedure prior to instituting any lawsuit against the Defendant. Thus, the Plaintiff cannot pursue this claim to the extent that it relies on the Local Constitution because he has failed to exhaust his internal union remedies.

The Defendant has reimbursed the Plaintiff for all unused accrued sick leave, and therefore Plaintiff cannot recover for any additional unused accrued sick leave.

## 4. MOTIONS

There are no motions pending before the Court. The Defendant anticipates moving for summary judgment upon the close of discovery.

## 5. AMENDMENT OF PLEADINGS

The Plaintiff, at this time, does not intend to amend its Complaint. It is understood that the Defendant, after the filing of the Complaint, has paid the Plaintiff his accumulated sick leave.

## 6. EVIDENCE PRESERVATION

The parties have sought to preserve relevant evidence in their possession from destruction or loss.

## 7. DISCLOSURES

The parties will exchange initial disclosures on May 16, 2008.

## 8. DISCOVERY

No discovery has been taken. At this time, the parties do not anticipate that any modification to the discovery limits established by the Federal Rules of Civil Procedure will be necessary. The parties anticipate that discovery regarding each of the disputed factual issued listed above will be necessary. The parties do not anticipate any unusual privilege issues, but both parties reserve their right to assert any and all applicable privileges in response to particular discovery requests.

9. **CLASS ACTIONS**

This is not a class action.

10. **RELATED CASES**

The parties are not aware of any related parties.

11. **RELIEF**

   a. **Relief sought by Kenneth G. Floyd:**

   The Plaintiff is seeking monetary damages in the amount set forth in the Complaint with regard to the credit card charges. The accumulated sick leave has been paid in full.

   b. **Relief sought by Bernard "Skip" Whalen Area Local, American Postal Workers Union Local #71:**

   The Defendant seeks dismissal of all claims against it and attorneys fees and expenses in defending this litigation.

12. **SETTLEMENT AND ADR**

The parties do not believe that they can settle this claim at this time. The parties have not yet agreed on an ADR process and have requested an Early Settlement Conference with a Magistrate Judge. The parties believe that settlement discussions will be productive only after the parties have begun discovery.

13. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The Plaintiff does consent to having a magistrate judge conduct all further proceedings. The Defendant does not consent to have a magistrate judge conduct all further proceedings.

14. **OTHER REFERENCES**

The parties do not believe that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **NARROWING OF ISSUES**

The Plaintiff believes that the issues could be narrowed by the Defendant stating which of the charges they are contesting. The Plaintiff further believes that this act by the Defendant would allow the focus of discovery, settlement discussion, and triable issues to be narrowed.

The Defendant believes that certain issues may be narrowed as discovery progresses, but does not believe that there is any way to narrow issues at this point by agreement or by motion.

16. **EXPEDITED SCHEDULE**

The parties do not believe that this case can be handled on an expedited basis with streamlined procedures.

17. **SCHEDULING**

The parties propose that: fact discovery be closed on October 2, 2008; the parties disclose experts by November 3, 2008; the parties disclose rebuttal experts by December 2, 2008; and all fact and expert discovery, including depositions of experts, be closed on January 2, 2009. The parties propose that the parties file dispositive motions by February 2, 2009.

The parties propose that a trial date of May 4, 2009, and a pretrial conference two weeks prior to trial.

18. **TRIAL**

The parties have not requested a jury trial. The Plaintiff anticipates a trial of one (1) day. The Defendant cannot realistically anticipate the length of a potential trial in this case, and will not be able to do so until the close of discovery.

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The Defendant filed a certification of interested entities or persons, pursuant to Civil Local Rule 3-16. Neither party is aware of any non-party interested entities or persons.

Respectfully submitted,

Dated: April 25, 2008

By: /s/ David L. Samuelson

David L. Samuelson

Attorney for Plaintiff Kenneth G. Floyd

| | | |
|---|---|---|
| 1 | Dated: April 25, 2008 | ALTSHULER BERZON LLP |
| 2 | | |
| 3 | | By: /s/ Jonathan Weissglass |
| 4 | | Jonathan Weissglass |
| 5 | | |
| 6 | | O'DONNELL, SCHWARTZ & ANDERSON, P.C. |
| 7 | | |
| 8 | | By:/s/ Daniel B. Smith |
| 9 | | Daniel B. Smith |

Attorneys for Bernard "Skip" Whalen Area Local, American Postal Workers Union Local #71

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to the within action; my business address is 177 Post Street, Suite 300, San Francisco, California 94108. On April 25, 2008, I served the following documents:

**1. JOINT CASE MANAGEMENT STATEMENT**

<u>By First Class Mail</u>: I am readily familiar with the ordinary business practices of Altshuler Berzon LLP for the collection and processing of correspondence for mailing with the United States Postal Service. I sealed and placed each such envelope, with first-class postage thereon fully prepaid, for collection and mailing to the office of the addressee on the date shown herein in San Francisco, California.

**ADDRESSEE**

David L. Samuelson, Esq.
897 Independence Avenue, Suite 2D
Mountain View, CA 94043

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this April 25, 2008 at San Francisco, California.

_____
Sally Mendez